### 30762. BROWN *v.* THE STATE.

DECIDED JANUARY 31, 1945.

*Barrett & Hayes,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, E. E. Andrews, solicitors-general, Durwood T. Pye,* contra.

BROYLES, C. J. The defendant was convicted of operating a lottery, known as the "number game." She and Jack Collier were tried together on separate accusations. Collier also was convicted. The evidence authorized the jury to find that the lottery was being operated in Fulton County on the date charged in the accusation; that the defendant and Jack Collier were arrested in Collier's house where the defendant also lived; that both were in possession of lottery tickets; and that both were aiding and abetting someone else in the operation of the lottery. There was also admitted in evidence the record of a previous conviction of Jack Collier for operating a lottery in 1937. The verdict was authorized. *Mills* v. *State,* 71 *Ga. App.* 353 (30 S. E. 2d, 824). The admission of evidence as to the existence of the lottery in Fulton County on the date alleged in the accusation and as to the method of its operation was not error. *Mills* v. *State,* supra. Nor did the court err in admitting in evidence the lottery books, tickets, and other lottery paraphernalia. This evidence was admissible against both of the accused, other evidence showing that they were acting in concert with the intent to commit the offense charged. Likewise, the admission in evidence of the previous conviction of Jack Collier for a similar offense was not error. The evidence was admissible to show the intent and motive of Collier. Collier and the defendant were being tried together, and the record and the charge of the court show that the evidence was introduced for the sole purpose of showing the intent and motive of Collier alone, and that the jury probably so understood. Therefore, the defendant Brown can not complain of the admission of the evidence. The evidence showing that the defendant, in Fulton County, Georgia, had in her place of residence possession of the lottery tickets and other incriminatory articles, it will be presumed, nothing to the contrary appearing, that the venue of the case was in that county. The other special assignments of error are without merit. The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*